MEMORANDUM **
Glenda Carolina Enriquez-Menjivar, a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s (“U”) decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency’s factual findings, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we review de novo constitutional claims, Kaur v. Ashcroft, 388 F.3d 734, 736 (9th Cir.2004). We deny the petition for review.
Substantial evidence supports the BIA’s denial of asylum based on Enriquez-Men-jivar’s failure to establish that the government was unable or unwilling to control the threat of harm by gang members. See Castro-Perez v. Gonzales, 409 F.3d 1069, 1072 (9th Cir.2005). Accordingly, her asylum claim fails. See id.
Because Enriquez-Menjivar did not establish asylum eligibility, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
Substantial evidence supports the agency’s denial of CAT relief because Enri-quez-Menjivar has not shown it is more likely than not she will be tortured if returned to El Salvador. See Santos-Lemus v. Mukasey, 542 F.3d 738, 748 (9th Cir.2008).
We reject Enriquez-Menjivar’s contention that the IJ’s disrespectful manner and inappropriate commentary violated due process. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990) (no denial of due process where alien fails to show prejudice). We also reject Enriquez-Menjivar’s contention that the BIA violated due process by failing to address other alleged defects in the IJ’s decision. See id.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.